BURKE & a. v. STILES & a.

What passes by force of a residuary clause in a will is that which remains after satisfying all legal demands against the estate, including legacies and devises anywhere mentioned in the will.

ALLEN, J.   The plaintiffs claim a reconveyance of land, and a surrender of promissory notes given for land conveyed to them by the defendant Augusta M. Stiles, to which they claim the title has wholly or partially failed. The defendant Stiles claims title under the will of her father, Benjamin G. Davis. The other de-fendants are heirs and legatees of Alice P. Davis, wife of Benjamin G. Davis, who in her lifetime, and at her death, owned a part of the land the title to which is in controversy, and a mortgage of the other part owned by her husband. By her will she devised and bequeathed all the remainder of her property, after the pay-ment of some minor legacies, to her husband, Benjamin G. Davis, "to use during his natural life," the remainder to her heirs after paying certain legacies. Then, after a specific enumeration of her property, the following clause is written : "Be it remembered, that I give to my husband, without reserve, the piece of land in Pembroke deeded to me by B. G. Davis, and also the mortgage assigned to me by D. C. Davis, and that nothing in this will be construed so as to prevent the said Benjamin G. Davis from con-veying the property we now own to whom he may see fit, and that my reserved part shall remain in common with his until after his the said Benjamin G. Davis death, and that I do hereby appoint my husband, Benjamin G. Davis, my administrator of this my last will and testament."

The testatrix died in 1871. The will was admitted to probate.

Davis was made executor, returned an inventory of the property, paid the funeral charges, debts, and general legacies, and continued to reside on the farm, using and claiming it as his own, until 1885, when he died, leaving a will, by and in which he bequeathed a small sum to his son, and the residue of his estate to his daughter, Augusta M. Stiles, who, with her husband, Julius, conveyed the whole farm to the plaintiffs. The question is presented, What interest, if any, have the other defendants, heirs of Alice P. Davis, and legatees in remainder under her will, in the farm conveyed to the plaintiffs? The question is answered by the construction to be given to the devise and bequest in her will to her husband, Benjamin G. Davis.

By the terms of the residuary clause, the husband of the testatrix took a life estate in the " remainder of her property." What that remainder or residue was is found after satisfying all the legal demands against her estate, including all other legacies and devises anywhere mentioned in the will. The final clause of the will is a plain and absolute devise in fee of the testatrix's part of the farm in Pembroke, and an unlimited bequest of her mortgage on the other part of the farm owned by her husband. The fact that the specific devise and bequest is written later on in the will than the residuary clause does not make the property specifically devised and bequeathed a part of the residuum; for, in ascertaining the residue, all general and specific devises and bequests, wherever found or written in the will, must first be measured out and satisfied. The fact that the residuary legatee for life was the same person to whom the land was devised in fee and the mortgage bequeathed absolutely, did not subject that property to the limitations imposed upon the residuum nor deprive the devisee of its full enjoyment. If the final clause in the will be regarded as explaining and qualifying the residuary clause, the explanation shows the testatrix's intention to withdraw her land in Pembroke and the mortgage from the residuum, which she had given her husband for life, and give it to him absolutely and in fee. Taking into account all parts of the will, the property of the testatrix, and her relations to the devisee, it must be considered that her intention was to give her husband, Benjamin G. Davis, her land in Pembroke in fee and the mortgage she held upon his land, and her land and the mortgage were no part of the residuum.

Benjamin G. Davis, by the specific devise of his wife of her land in Pembroke, took that land in fee, and by the specific bequest of her mortgage upon his land, the mortgage debt was discharged, and the right in equity to redeem became merged with the fee. So, on the death of the testatrix, his title to the whole farm became complete.

In the last clause of the will she directs that " my reserved part shall remain in common with his, until after his the said Benjamin G. Davis death." By the reserved part she could not have

intended her separate land in Pembroke, nor the mortgage, for in the first part of the same clause she had given these "without reserve" to her husband, and she had no other interest in any part of the farm to which the direction could apply. It does not appear from anything in the case that the testatrix, whatever may have been her belief, owned or had any interest in the buildings on the homestead place, or that they were not annexed to and a part of the real estate, the title to which, under her will, at her death, fell to her husband. Having an interest of his own in the farm, and taking all his wife's interest by her specific devise and bequest, the farm was no part of the residuum in which he took a life estate, and the heirs and legatees of Alice P. Davis have no interest in it. The title of Benjamin G. Davis in the farm passed by his will to the defendant Augusta M. Stiles, and her conveyance of the premises to the plaintiffs, her husband Julius joining, gave them a good title in fee. By the terms of the agreed case,

*The bill is dismissed.*

CARPENTER, J., did not sit: the others concurred.

*H. G. Sargent*, for the plaintiffs.

*E. H. Woodman*, for Julius A. and Augusta M. Stiles.